I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: Aug 18 2008

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT
AUG 15 2008
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRIAN KEITH DENT, | Case No. CV 08-05255 JFW (AN) |
| Petitioner, | **ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |
| v. | |
| MIKE KNOWLES, WARDEN, | |
| Respondent. | |

## I. BACKGROUND

Before the Court is a petition for a writ of habeas corpus ("Petition") brought by Brian Keith Dent ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and it raises five claims directed at Petitioner's 1998 conviction and related prison sentence of sixty years to life that he sustained following a guilty plea in the Los Angeles County Superior Court (No. TA048724). (Pet. 2, Ex. D.) For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *See Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The face of the Petition, accompanying exhibits, and relevant state court

records[1] show Petitioner sustained his underlying conviction on April 29, 1998, and was sentenced on May 13, 1998. (Pet. 2.) The Petition and relevant state court records also establish that the California Supreme Court denied his petition for review on May 12, 1999, and that Petitioner never filed a petition for certiorari with the United States Supreme Court. (Pet. 3; No. S077665; Official records of California courts.) Therefore, for purposes of AEDPA's limitation period, his judgment became final on August 10, 1999, which is the ninetieth day after his petition for review was denied by the California Supreme Court and the time for Petitioner to file a petition for certiorari with the Supreme Court expired. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The limitation period then started to run the next day, August 11, 1999, and ended a year later on August 10, 2000. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

Petitioner missed the deadline because he did not constructively file the pending Petition until July 26, 2008[2] -- 2,907 days (nearly eight years) after the statute expired. Therefore, the pending Petition is time-barred unless Petitioner is entitled to statutory or equitable tolling, or an alternate start date to AEDPA's statute of limitations period

---

[1] The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The pending Petition was filed by the Clerk on August 11, 2008, however, for purpose of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on July 26, 2008, the date he signed it. (Pet. 8.)

under 28 U.S.C. § 2244(d)(1).

C. **Statutory Tolling**

AEDPA provides a statutory tolling provision that suspends the limitation period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

Further, to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, his *first* state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitation period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state petition after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2001).

Petitioner did not file his first state habeas petition with the Los Angeles County Superior Court (No. TA048724) until January 6, 2003, 879 days after the expiration of the limitation period. Consequently, Petitioner is not entitled to statutory tolling for any of his state habeas petitions because they were all filed long after the limitation

period expired.[3/] *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (a state application for post-conviction relief does not revive the one-year limitation period if it has already expired); *see also Jimenez*, 276 F.3d at 482; *Webster*, 199 F.3d at 1259; *Green*, 223 F.3d at 1003. Therefore, the face of the Petition, exhibits, and state court records establish that this Petition, constructively filed on July 26, 2008, is untimely by 2,907 days (the amount of untolled time between the limitation deadline (08/10/00) and the Petition's constructive filing date (07/26/08)).

D. **Alternative Start of the Statute of Limitations**

1. **State-Created Impediment**

In rare instances, AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The face of the Petition and attached exhibits do not set forth any facts showing that Petitioner is entitled to relief under this provision.

2. **Newly Recognized Constitutional Right**

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The face of the Petition and attached exhibits do not set forth any facts that show Petitioner is entitled to relief under this provision.

---

[3/] *See also Dent v. The People, et al.*, B168285, Cal. App. Ct., 2nd Dist./Div. 1 (filed Jan. 6, 2003, denied Feb. 11, 2003); *Dent (Brian Keith) on H.C.*, No. S126208, Cal. Supreme Ct. (filed July 12, 2004, denied Aug. 24, 2005).

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition and exhibits do not set forth any facts showing that Petitioner is entitled to relief based upon a late discovery of the factual predicate.

### E. Equitable Tolling

"[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005).

By way of his Declaration, Petitioner alleges he should be entitled to equitable tolling from "11/2/99 to the present date 2/1/08" because of his mental illness. (Dent Decl., ¶¶ 3-8.) In support of his contention, Petitioner has attached numerous medical records (likely every medical exam he has had before and after he was incarcerated from 1997 to February 1, 2008) indicating he suffers from dementia, hallucination, and bipolar disorder. (Dent Decl., ¶3; Pet. Ex. A.[4]) However, none of the mental disorders he claims to have suffered from establish that they prevented him from filing a timely Petition. A closer review of the record belies Petitioner's contention.

The relevant records appear to indicate his symptoms of delusion, hallucination, and dementia may be caused by his long term use of illegal hallucinogenic drugs,

---

[4] Petitioner failed to designate and consecutively number each page of the attached documents in the manner required by Local Rules 11-3.3 and 11.5.2. Consequently, for ease of reference, the Court has designated Petitioner's medical records as "Exhibit A" and consecutively designated any other documents thereafter with consecutive page numbers.

including daily use of cocaine. Notably, in a March 30, 1998, court-ordered psychiatric evaluation to determine whether Petitioner was competent to stand trial, Dr. Crandall opined that "it is difficult to differentiate whether [Petitioner's] past psychotic symptoms were due to drug use or to primary mental illness." (Pet. Ex. B at 4.) Dr. Crandall's evaluation also found that "in accordance with Dr. Vicary's observations . . . there were various indications that [Petitioner] was malingering or faking symptoms of mental illness." (*Id.*) Further, on November 5, 1999, the initial date in which Petitioner contends his mental disorder began relative to his inability to file the pending Petition, the relevant medical records show his first request for a psychiatric evaluation was denied by the prison's Chief Psychiatrist, Dr. K. Weaver. (Pet. Ex. A at 21.) Approximately eight months later on July 17, 2000, his second request for psychiatric evaluation was again denied by Dr. Weaver because "[t]here does not appear any indication from the referral that he would benefit from impatient psychiatric care as his primary problem seems to be post traumatic dementia [and should benefit more from] a Developmental Disability evaluation . . . for inmates with *chronic physical disabilities.*" (*Id.* at 22) (emphasis added). Furthermore, pertinent medical records appear to indicate Petitioner's alleged mental illness has gradually improved since his incarceration through daily medication, personal counseling, and support programs. (Pet. Exs. A, E, F-I.)

Even assuming the truth of his assertions, mental and physical disabilities alone do not warrant equitable tolling where other evidence shows the petitioner could still have filed a timely petition. *See Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (petitioner was not entitled to equitable tolling based upon physical and mental disabilities since he prepared and filed a state habeas petition while suffering from the alleged disabilities). Since his conviction in 1998, Petitioner's own exhibits and actions establish he filed two state petitions for review along with three state habeas petitions during the course of his purported mental disorders. (Pet. 2-6; Official records of California courts.) During this period, he also wrote letters to his attorney,

sought legal assistance from fellow inmate Johnson, tracked down his legal and medical files, and sleuthed out any alleged missing documents. (Dent Decl., ¶3-8; Pet. Exs. B, C.) Petitioner has quite simply failed to show the slightest causal link between the alleged mental disabilities and his failure to file a federal habeas petition at any time during the nearly eleven years since his conviction. *See Allen v. Lewis,* 255 F.3d 798, 800-01 (9th Cir. 2001) ("at the very least, the prisoner must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness").

Moreover, Petitioner's contention that between November 5, 1999, and July 17, 2000, he is entitled to equitable tolling because of his chronic mental illness lacks merit. (Dent Decl., ¶ 3.) Aside from his conclusory and vague contention, he is not entitled to any tolling during this period because, as discussed above, there was no case "pending" during this interval. *Thorson,* 479 F.3d at 646; *Nino,* 183 F.3d at 1006. Likewise, Petitioner's contention that he required the assistance of his fellow inmate to help him file his February 23, 2003, state habeas petition is also unpersuasive to warrant equitable tolling because his statute of limitation period had already long expired by that time. In any event, regardless of *how* Petitioner managed to file a slew of state habeas petitions, write letters, and investigate his case, the fact is he accomplished these things. He has failed to explain why his fellow inmate who ostensibly provided valuable aid to him could not have done so while the statute of limitations was running instead of nearly three years after it expired. *Tacho v. Martinez,* 862 F.2d 1376, 1381 (9th Cir. 1988) (mental condition of *pro se* prisoner and reliance upon allegedly incompetent jailhouse lawyers did not constitute "cause").

Petitioner has not established that anything other than his own lack of diligence accounts for his failure to file a timely Petition. Further, his history of perpetual, multiple filings in this and other courts suggests he was not inhibited in any way from making a timely filing. Accordingly, Petitioner has failed to show that his alleged mental disabilities amounted to extraordinary circumstances beyond his control,

making it *impossible* to file a petition on time. *Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir. 2005).

### 2. Lack of Legal Training, Representation, and/or Education Claims

To the extent Petitioner also appears to be contending that equitable tolling is warranted because of his lack of legal training, lack of legal representation, and/or general lack of education, the Court rejects such contention. (Pet. Mem. 8; Dent Decl., ¶¶ 3-8; Pet. Ex. D.) Neither the lack of assistance nor ignorance of the law qualify as extraordinary circumstances warranting equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of AEDPA's limitation period); *Ekenberg v. Lewis*, No. C 98-1450 FMS (PR), 1999 WL 13720, *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances."); *Bolds v. Newland*, No. C 97-2103 VRW (PR), 1997 WL 732529, *2 (N.D. Cal. Nov. 12, 1997) (same); *see also Hinton v. Pac. Enter.*, 5 F.3d 391, 396-97 (9th Cir. 1993) (mere ignorance of the law generally is an insufficient basis to equitably toll the running of an applicable statute of limitations); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (neither "lack of knowledge of applicable filing deadlines," nor "unfamiliarity with the legal process," nor "lack of representation during the applicable filing period," nor "illiteracy," provides a basis for equitable tolling); *cf. Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (holding pre-AEDPA that illiteracy of pro se prisoner is insufficient to meet standard of an objective, external factor amounting to "cause" for purposes of avoiding procedural bar on habeas claims).

Accordingly, in light of the foregoing, Petitioner is not entitled to equitable tolling because he has failed to satisfy either of the *Pace* elements. Petitioner has not met his burden to show he was reasonably diligent in pursuing federal habeas relief throughout the time that AEDPA's limitation period was running, nor has he shown he was prevented from filing a timely petition because of extraordinary circumstances.

## O R D E R

Based upon the foregoing, the Court finds the Petition, attached exhibits, and relevant state court records indicate it is untimely. Accordingly, Petitioner shall have until **September 5, 2008**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time that access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to do so and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred. Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should file a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: August 15, 2008

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE