O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRIAN KEITH DENT, | Case No. CV 08-05255 JFW (AN) |
| Petitioner, | **MEMORANDUM AND ORDER DISMISSING HABEAS PETITION AS TIME-BARRED** |
| v. | |
| MIKE KNOWLES, WARDEN, | |
| Respondent. | |

Before the Court is a petition for a writ of habeas corpus ("Petition") brought pursuant to 28 U.S.C. § 2254 by Brian Keith Dent ("Petitioner"), a state prisoner proceeding *pro se*. For the reasons discussed below, the Petition is dismissed with prejudice because the Court finds it is time-barred.

///

///

///

# I. BACKGROUND

The Petition raises five claims for relief, all of which are directed at Petitioner's 1998 conviction and related prison sentence of sixty years to life that he sustained following a guilty plea in the Los Angeles County Superior Court (No. TA048724) on May 13, 1998. (Pet. 2.)

The Petition, accompanying exhibits, and relevant state court records show Petitioner appealed his judgment of conviction to the California Court of Appeal (No. B123067); on February 24, 1999, the intermediate state appellate court affirmed the judgment of conviction. (*Id.* at 3.) On March 29, 1999, Petitioner filed a petition for review with the California Supreme Court (No. S077665) that was summarily denied on May 12, 1999. (*Id.*) Thereafter, Petitioner also sought one full round of collateral review of his underlying judgment of conviction. The state habeas petitions filed with the superior court and both state appellate courts were summarily denied. (Pet. 3-4, Attachments; Official records of California courts[1]).

On July 26, 2008, Petitioner constructively filed the pending Petition.[2] (Pet. 8.) Pursuant to the Court's duty to screen § 2254 petitions, the Magistrate Judge found the face of the Petition, accompanying exhibits, and relevant state court records plainly

---

[1]   The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2]   Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The pending Petition was filed by the Clerk on August 11, 2008, however, for purpose of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on July 26, 2008, the date he signed it. (Pet. 8.)

1  disclosed that this action was barred by the one-year statute of limitations of the Anti-
2  Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").   28 U.S.C.
3  §2244(d)(1)(A).   Accordingly, on August 15, 2008, the Magistrate Judge issued an
4  order to show cause that notified Petitioner the action appeared to be time-barred
5  absent some other basis for tolling or an alternative start to AEDPA's one-year
6  limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D). (*See* Aug. 15, 2008, Order to
7  Show Cause Re Dismissal of Habeas Petition As Time-barred ("OSC")).   The OSC
8  discussed various bases for tolling and directed Petitioner to show cause why the
9  action was not time-barred by filing a written response no later than September 5,
10  2008.   (OSC 2-10.)   The OSC warned Petitioner that his failure to file a timely
11  response to the OSC would result in a waiver of his right to respond to the OSC, and
12  that his Petition would be dismissed with prejudice as time-barred without further
13  notice.   (OSC 10:18-23.)   On August 30, 2008, Petitioner constructively filed his
14  response to the OSC ("OSC Response").   The matter now stands submitted.

15

16                                       **II. DISCUSSION**

17  **A.      Standard of Review**

18          Rule 4 of the Rules Governing Section 2254 Cases in the United States District
19  Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is
20  assigned" is required to examine the petition promptly and "[i]f it plainly appears from
21  the face of the petition and any exhibits annexed to it that the petitioner is not entitled
22  to relief in the district court, the judge shall make an order for its summary dismissal
23  and cause the petitioner to be notified." Local Rule 72-3.2 of this Court also provides
24  "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus,
25  and if it plainly appears from the face of the petition and any exhibits annexed to it
26  that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed
27  order for summary dismissal and submit it and a proposed judgment to the District
28  Judge." C.D. Cal. R. 72-3.2.  Further, an untimely habeas petition may be dismissed

1  *sua sponte*, however, the district court must give the petitioner adequate notice and an
2  opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10,
3  126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

4  **B.   Statute of Limitations**

5       The Petition is governed by AEDPA, which establishes a one-year statute of
6  limitations for state prisoners to file a habeas petition in federal court, because the
7  Petition was filed after April 24, 1996, AEDPA's enactment date.  28 U.S.C. §
8  2244(d)(1); *See Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997).  In
9  most cases, the limitation period begins to run from "the date on which the judgment
10 became final by conclusion of direct review or the expiration of the time for seeking
11 such review." 28 U.S.C. § 2244(d)(1)(A).

12      As discussed above, the face of the Petition, attached exhibits, and relevant state
13 court records establish Petitioner sustained his underlying convictions on April 29,
14 1998, and was sentenced on May 13, 1998. (Pet. 2.) The Petition and relevant state
15 court records also establish that the California Supreme Court denied his petition for
16 review on May 12, 1999, and that Petitioner never filed a petition for a writ of
17 certiorari with the United States Supreme Court. (Pet. 3.) Therefore, for purposes of
18 AEDPA's limitation period, Petitioner's judgment became final on August 10, 1999,
19 the ninetieth day after the state high court denied his petition for review and the time
20 for Petitioner to file a petition for a writ of certiorari with the Supreme Court expired.
21 *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The limitation period then started
22 to run the next day, August 11, 1999, and ended a year later on August 10, 2000. 28
23 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th
24 Cir. 2001) (the limitations period begins to run on the day after the triggering event
25 pursuant to Fed. R. Civ. P. 6(a)).

26      Petitioner missed the deadline because he did not constructively file the pending
27 Petition until July 26, 2008 -- 2,907 days (nearly eight years) after the statute expired.
28 Therefore, the pending Petition is time-barred unless Petitioner is entitled to statutory

1   or equitable tolling, or an alternate start date to AEDPA's statute of limitations period

2   under 28 U.S.C. § 2244(d)(1).

3   **C.      Statutory Tolling**

4          AEDPA provides a statutory tolling provision that suspends the limitation

5   period for the time during which a "properly-filed" application for post-conviction or

6   other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Bonner v.*

7   *Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has

8   achieved final resolution through the state's post-conviction procedures. *Carey v.*

9   *Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitation period is not tolled

10  between the time a final decision is issued on direct state appeal and the time a state

11  collateral challenge is filed because there is no case "pending" during that interval.

12  *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003,

13  1006 (9th Cir. 1999).

14         Further, to qualify for statutory tolling during the time the petitioner is pursuing

15  collateral review in the state courts, his *first* state habeas petition must be

16  constructively filed *before*, not after, the expiration of AEDPA's one-year limitation

17  period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254

18  does not permit the reinitiation of the limitation period that has ended before the state

19  petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that

20  filing of state petition after AEDPA's one-year time period has elapsed bars federal

21  habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A

22  state-court petition [] that is filed following the expiration of the limitations period

23  cannot toll that period because there is no period remaining to be tolled"); *Green v.*

24  *White*, 223 F.3d 1001, 1003 (9th Cir. 2001).

25         Petitioner did not file his first state habeas petition with the Los Angeles County

26  Superior Court until January 6, 2003, 879 days after the expiration of the limitation

27  period. Consequently, Petitioner is not entitled to statutory tolling for any of his state

28

1   habeas petitions because they were all filed long after the limitation period expired.[3/]
2   *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (a state application for
3   post-conviction relief does not revive the one-year limitation period if it has already
4   expired); *see also Jimenez*, 276 F.3d at 482; *Webster*, 199 F.3d at 1259; *Green*, 223
5   F.3d at 1003. Therefore, the face of the Petition, exhibits, and state court records
6   establish that this Petition, constructively filed on July 26, 2008, is untimely by 2,907
7   days (the amount of untolled time between the limitation deadline (08/10/00) and the
8   Petition's constructive filing date (07/26/08)).

9   **D.      Alternative Start of the Statute of Limitations**

10          **1.      State-Created Impediment**

11          In rare instances, AEDPA provides that its one-year limitation period shall run
12  from "the date on which the impediment to filing an application created by State action
13  in violation of the Constitution or laws of the United States is removed, if the
14  applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).
15  Asserting that the statute of limitations was delayed by a state-created impediment
16  requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th
17  Cir. 2002). The face of the Petition, attached exhibits, and OSC Response do not set
18  forth any facts showing that Petitioner is entitled to relief under this provision.

19          **2.      Newly Recognized Constitutional Right**

20          AEDPA provides that, if a claim is based upon a constitutional right that is
21  newly recognized and applied retroactively to habeas cases by the United States
22  Supreme Court, the one-year limitation period begins to run on the date which the new
23  right was initially recognized by the United States Supreme Court. 28 U.S.C. §
24  2244(d)(1)(C). The face of the Petition, attached exhibits, and OSC Response do not

25
26
_____

27          [3/]   *See also Dent v. The People, et al.*, B168285, Cal. App. Ct., 2nd Dist./Div.
    1 (filed Jan. 6, 2003, denied Feb. 11, 2003); *Dent (Brian Keith) on H.C.*, No. S126208,
28  Cal. Supreme Ct. (filed July 12, 2004, denied Aug. 24, 2005).

1    set forth any facts that show Petitioner is entitled to relief under this provision.

2          **3.    Discovery of Factual Predicate**

3          AEDPA also provides that, in certain cases, its one-year limitation period shall

4    run from "the date on which the factual predicate of the claim or claims presented

5    could have been discovered through the exercise of due diligence." 28 U.S.C. §

6    2244(d)(1)(D).  The face of the Petition, exhibits, and OSC Response do not set forth

7    any facts showing that Petitioner is entitled to relief based upon a late discovery of the

8    factual predicate.

9    **E.    Equitable Tolling**

10         As a prefatory matter, the Court observes there is no clearly established federal

11   law that expressly holds equitable tolling is available under § 2244(d)(1), and the

12   Supreme Court has recently acknowledged this point. *Lawrence v. Florida,* 549 U.S.

13   ---, 127 S. Ct. 1079, 1085 (2007) ("We have not decided whether § 2244(d) allows for

14   equitable tolling. [ ] Because the parties agree that equitable tolling is available, we

15   assume without deciding that it is").

16         "Generally, a litigant seeking equitable tolling bears the burden of establishing

17   two elements: (1) that he has been pursuing his rights diligently, and (2) that some

18   extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408,

19   418, 125 S. Ct. 1807 (2005).  A petitioner bears the burden of alleging facts that would

20   give rise to tolling. *Id.*; *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).  The

21   Ninth Circuit has emphasized that determinations of "whether there are grounds for

22   equitable tolling are highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146,

23   1148 (9th Cir. 2000) (en banc).  "[E]quitable tolling is justified in few cases," and "the

24   threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the

25   exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

26         By way of his declarations in support of his Petition and OSC Response,

27   Petitioner principally alleges he should be entitled to equitable tolling from the date

28   his judgment of conviction became final on August 10, 1999, to the present because

of his mental illness. (Dent Decl. in Support of Pet. ("Dent Decl. I") ¶¶ 3-8; Dent Decl. in Support of OSC Resp. ("Dent Decl. II") 1-3.) In support of his contention, Petitioner has attached various medical records from 1997 through February 1, 2008, some of which indicate that he suffers from an unspecified degree of dementia, hallucination, and bipolar disorder. (Dent Decl. I ¶3; Dent Decl. II 1-2; Pet. Ex. A[4]; OSC Resp. Ex. A.) None of the medical records, however, establish any of the alleged mental disorders prevented Petitioner from filing a timely Petition. To the contrary, the evidence in the record establishes it was Petitioner's lack of diligence, not his mental impairments, that kept him from filing a timely Petition.

The relevant medical records indicate Petitioner's symptoms of delusion, hallucination, and dementia were attributable to his long term substance use, and that his symptoms gradually improved during his incarceration as a result of medications, personal counseling, support programs, and the inability to readily obtain illegal drugs. Notably, in a March 30, 1998, court-ordered psychiatric evaluation to determine whether Petitioner was competent to stand trial, Dr. Crandall opined that "it is difficult to differentiate whether [Petitioner's] past psychotic symptoms were due to drug use or to primary mental illness." (Pet. Ex. B at 4.) Dr. Crandall's evaluation also found that "in accordance with Dr. Vicary's observations . . . there were various indications that [Petitioner] was malingering or faking symptoms of mental illness." (*Id.*) On November 5, 1999, the date Petitioner contends his mental disorders initially began to his prevent him from filing a timely Petition, relevant medical records show his first request for a psychiatric evaluation was denied by the prison's Chief Psychiatrist, Dr. K. Weaver. (Pet. Ex. A at 21; OSC Resp. Ex. A.) Approximately eight months later

---

[4]   Petitioner failed to designate and consecutively number each page of the attached documents in the manner required by Local Rules 11-3.3 and 11.5.2. Consequently, for ease of reference, the Court has designated Petitioner's medical records as "Exhibit A" and consecutively designated any other documents thereafter with consecutive page numbers.

on July 17, 2000, his second request for psychiatric evaluation was again denied by Dr. Weaver because "[t]here does not appear any indication from the referral that he would benefit from impatient psychiatric care as his primary problem seems to be post traumatic dementia [and should benefit more from] a Developmental Disability evaluation . . . for inmates with *chronic physical disabilities.*" (Pet. Ex. A at 22; OSC Resp. Ex. A.) (emphasis added).   As mentioned, other medical records indicate Petitioner's alleged mental disorders improved over time. (Pet. Exs. A, E, F-I; OSC Resp. Ex. A.)

In the Ninth Circuit it is also well-settled that mental and physical disabilities alone do not warrant equitable tolling where other evidence shows the petitioner could still have filed a timely petition. *See Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (petitioner was not entitled to equitable tolling based upon physical and mental disabilities since he prepared and filed a state habeas petition while suffering from the alleged disabilities).   The exhibits attached to the Petition and relevant state court records clearly establish that, since his conviction in 1998, Petitioner has been able to file two state petitions for review plus three state habeas petitions during the time he allegedly suffered from his purported mental disorders. (Pet. 2-6; Official records of California courts.) During this same period, the record also establishes that Petitioner wrote letters to his attorney, sought legal assistance from a fellow inmate named Johnson, tracked down his legal and medical files, and sleuthed out any alleged missing documents. (Dent Decl. I ¶3-8; Pet. Exs. B, C.)   Under the circumstances, the Court finds Petitioner has failed to show he is entitled to equitable tolling because his alleged mental disorders kept him from filing a timely Petition. *See Allen v. Lewis,* 255 F.3d 798, 800-01 (9th Cir. 2001) ("at the very least, the prisoner must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness").

Moreover, Petitioner is not entitled to equitable tolling between November 5, 1999, and July 17, 2000, based upon his claim that he suffered from a chronic mental

1   illness during this period.  (Dent Decl. I ¶ 3.)  Aside from his conclusory and vague
2   contention, he is not entitled to any tolling during this period because, as discussed
3   above, there was no case "pending" during this interval.  *Thorson*, 479 F.3d at 646;
4   *Nino*, 183 F.3d at 1006.  Likewise, Petitioner's contention that he required the
5   assistance of his fellow inmate to help him file his February 23, 2003, state habeas
6   petition is also unpersuasive to warrant equitable tolling because the limitations period
7   had already expired by that time.  In any event, regardless of *how* Petitioner managed
8   to file a slew of state habeas petitions, write letters, and investigate his case, the fact
9   is he accomplished these things.

10       In sum, Petitioner has not established that anything other than his own lack of
11  diligence accounts for his failure to file a timely Petition.  Further, his history of
12  perpetual, multiple filings in this Court and the state courts also establishes that his
13  alleged mental disorders did not prevent him from filing a timely Petition.  Petitioner
14  has failed to show his alleged mental disabilities amounted to extraordinary
15  circumstances beyond his control, making it *impossible* to file a petition on time.
16  *Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir. 2005).

17       **2.    Lack of Legal Training, Representation, and/or Education Claims**
18       The Court also rejects Petitioner's apparent contention that he is entitled to
19  equitable tolling because of his lack of legal training, lack of legal representation,
20  and/or general lack of education.  (Pet. Mem. 8; Dent Decl. I ¶¶ 3-8; Pet. Ex. D.)
21  Neither the lack of assistance nor ignorance of the law qualify as extraordinary
22  circumstances warranting equitable tolling.  *See Rasberry v. Garcia*, 448 F.3d 1150,
23  1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself,
24  an extraordinary circumstance warranting equitable tolling" of AEDPA's limitation
25  period); *Ekenberg v. Lewis*, No. C 98-1450 FMS (PR), 1999 WL 13720, *2 (N.D. Cal.
26  Jan. 12, 1999) ("Ignorance of the law and lack of legal assistance do not constitute
27  such extraordinary circumstances."); *Bolds v. Newland*, No. C 97-2103 VRW (PR),
28  1997 WL 732529, *2 (N.D. Cal. Nov. 12, 1997) (same); *see also Hinton v. Pac.*

1   *Enter.*, 5 F.3d 391, 396-97 (9th Cir. 1993) (mere ignorance of the law generally is an
2   insufficient basis to equitably toll the running of an applicable statute of limitations);
3   *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (neither "lack
4   of knowledge of applicable filing deadlines," nor "unfamiliarity with the legal
5   process," nor "lack of representation during the applicable filing period," nor
6   "illiteracy," provides a basis for equitable tolling); *cf. Hughes v. Idaho State Bd. of*
7   *Corr.*, 800 F.2d 905, 909 (9th Cir.1986) (holding pre-AEDPA that illiteracy of pro se
8   prisoner is insufficient to meet standard of an objective, external factor amounting to
9   "cause" for purposes of avoiding procedural bar on habeas claims).

10          Based upon the foregoing, the Court finds Petitioner is not entitled to equitable
11   tolling because he has failed to satisfy either of the *Pace* elements.  Petitioner has
12   failed to meet his burden of showing he was reasonably diligent in pursuing federal
13   habeas relief throughout the time that AEDPA's limitation period was running; nor has
14   he shown that he was prevented from filing a timely petition because of extraordinary
15   circumstances.

16   **F.      Miscarriage of Justice**
17          In his OSC Response, Petitioner makes the vague and conclusory claim that,
18   "even if the Petition was time-barred, such procedural default should be excused
19   because there was a fundamental misscarriage [sic] of justice in the unauthorized
20   sentencing of an incompetent person." (OSC Resp. 1.)  To the extent Petitioner
21   suggests that his untimely Petition should still be considered because he was mentally
22   incompetent to stand trial and was improperly sentenced, the face of the Petition and
23   relevant records fall far short of making any such showing for the reasons discussed
24   above.  To the contrary, the trial court found Petitioner was mentally competent to
25   stand trial based upon a court-ordered psychiatric evaluation. (Pet. Ex. B.)

26          Under the miscarriage of justice-actual innocence gateway of *Schlup v. Delo*,
27   513 U.S. 298, 115 S. Ct. 851 (1995), a petitioner's procedurally barred claim may be
28   considered on the merits if his claim of actual innocence is sufficient to implicate a

1  fundamental miscarriage of justice. *Majoy v. Roe*, 296 F.3d 770, 775-76 (9th Cir.
2  2002).   To establish a miscarriage of justice, Petitioner must proffer "evidence of
3  innocence strong enough that a court cannot have confidence in the outcome of the
4  trial unless the court is also satisfied that the trial was free of nonharmless
5  constitutional error." *Griffin v. Johnson*, 350 F.3d 956, 960-61 (9th Cir. 2003); *cf.,
6  Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604 (1998) ("Where a
7  defendant has procedurally defaulted a claim by failing to raise it on direct review, the
8  claim may be raised in habeas only if the defendant can first demonstrate either 'cause'
9  and actual 'prejudice' . . . or that he is 'actually innocent.'"). Further, Petitioner must
10 proffer "new reliable evidence . . . that was not presented at trial." *Schlup*, 513 U.S.
11 at 324. This new reliable evidence must also establish "it is more likely than not that
12 no reasonable juror would have convicted him in the light of the new evidence." *Id.*
13 at 327. Here, Petitioner has failed to present any "evidence of innocence," let alone
14 "new reliable evidence" to show that it is more likely than not that no reasonable juror
15 would have convicted him. *Sistrunk v. Armenakis*, 292 F.3d 669, 673, 677 (9th
16 Cir.2002); *Griffin*, 350 F.3d at 960-61; *Schlup*, 513 U.S. at 324. To the contrary, his
17 own exhibits establish his claim is frivolous.
18 ///
19 ///

1

**O R D E R**

2      The Court finds the Petition must be dismissed because it is time-barred for the

3  reasons stated above and in the Court's OSC.  Further, by way of the OSC and

4  Petitioner's OSC Response, the Court finds Petitioner has already received notice and

5  an opportunity to show cause why the Petition should not be dismissed as time-barred.

6      ACCORDINGLY, IT IS HEREBY ORDERED THAT the reference to the

7  Magistrate Judge is vacated and the Petition is dismissed with prejudice.  The Clerk

8  is directed to enter judgment dismissing the action with prejudice.  Any and all

9  pending motions are terminated.

10

11

12  DATED: September 17, 2008

/ s /
_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

13

14

15  Presented by:

16

17      /s/ Arthur Nakazato
_____
Arthur Nakazato

18  United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28